**Johnny Don OTTINGER, Petitioner,**

v.

**Jim ROSE, Warden, Respondent.**

**No. 82–3888.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 15, 1983.

Johnny Don Ottinger, pro se.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM

WISEMAN, District Judge.

In this petition for the writ of habeas corpus, petitioner complains of his confinement under a judgment approving a jury verdict finding the defendant guilty of murder in the first degree and fixing his punishment at life imprisonment. Respondent has answered pursuant to Rule 5 foll. 28 U.S.C. § 2254 and has supplied the Court with the briefs and opinions in the Court of Criminal Appeals and the Supreme Court of Tennessee. Petitioner did not deny killing his wife but defended on the basis of diminished mental capacity. While admitting that Tennessee did not recognize this defense, he urged in the trial court as well as the appellate courts that such a defense should be permitted and that it should now be recognized by the Court of Criminal Ap-

peals and Tennessee Supreme Court. The issue was addressed in the opinion of the Court of Criminal Appeals, and this Court declined to make a change in the state law. The same position was urged upon the Tennessee Supreme Court in petitioner's brief and application for permission to appeal. Upon consideration thereof, the application for permission to appeal was denied by the Tennessee Supreme Court.

 Petitioner's complaint in this Court is that "basic fairness requires that his theory be properly charged just as intent, deliberation, malice, and premeditation was charged as to the prosecution's theory of the crime." The Court regards this as a due process attack upon the fundamental fairness of the trial under the fourteenth amendment to the Constitution of the United States.

The State insists that the petitioner has failed to exhaust available state remedies as required by section 2254(b) and (c). The Supreme Court of the United States has recently expanded the exhaustion requirement set forth in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), in a per curiam opinion reversing the Sixth Circuit Court of Appeals in a case analogous to the one *sub judice,* the Court said: "... the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." The State urges, and this Court agrees, that the quoted language now requires a federal habeas petitioner to have presented to the state courts the precise federal issue raised in the petition for the writ of habeas corpus, *in its federal context,* in order to meet the exhaustion requirement. The judicial impact of this apparent limitation upon federal jurisdiction remains to be seen. The dissent in *Anderson v. Harless,* suggests that the problem may be exacerbated by another round of consideration by state trial and appellate courts before eventually reaching the federal court, after the federal courts have first made the determination that the exhaustion requirement was not met. If,

on the other hand, defendants and defense counsel now begin to present federal constitutional questions in the state system, there is no reason why the eminently competent courts of this and other states should not apply federal constitutional standards to cases pending before them and thus relieve the federal system of a portion of this burgeoning area of litigation.

For the foregoing reasons an appropriate order will enter dismissing this case without prejudice.